IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| DALE MICHAEL, ROBERT KNOTT, ROBERT NICHOLS, APRIL FOSTER, JEREMY FOSTER, and LYNN KRAY, on behalf of themselves and all other similarly situated individuals,<br><br>              Plaintiffs,<br>   v.<br><br>INDIANA PACKERS CORPORATION,<br><br>              Defendant. | CIVIL ACTION NO.:<br>4:08-cv-00013-RLM-APR |

**DECLARATION OF SHANON J. CARSON IN SUPPORT OF THE PARTIES' JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**

I, Shanon J. Carson, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct. I am competent to be a witness in these proceedings, and would testify as follows:

1. I am a member in good standing of the bar of the Commonwealth of Pennsylvania, and I am admitted to this Court *pro hac vice* for the purpose of representing Plaintiffs and the Class. I respectfully submit this declaration in support of the Parties' Joint Motion for Preliminary Approval of Settlement Agreement.

2. I am a shareholder of Berger & Montague, P.C. ("Berger & Montague") and Co-Lead Counsel for Plaintiffs and the Class in the above-captioned litigation. Berger & Montague specializes in class action litigation in federal and state courts and is one of the preeminent class action law firms in the United States. Our firm's Labor and Employment Department has extensive experience representing employees in class action litigation. Berger & Montague has

played lead roles in major class action cases for approximately 40 years resulting in recoveries totaling billions of dollars for our firm's clients and the classes they represent.

3. I have an extensive background in litigation on behalf of employees and am currently serving as lead or co-lead counsel in many employment class actions in federal courts across the country including unpaid wage donning and doffing cases similar to this case.

4. This matter was initially filed in the United States District Court for the Northern District of Indiana on March 12, 2008. Since then, three law firms performed legal services on behalf of Plaintiffs and the Class, including Berger & Montague, P.C. ("Berger & Montague"); Schneider Wallace Cottrell Brayton Konecky LLP ("SWCBK"); and The Downey Law Firm, LLC ("Downey").

5. Plaintiffs' Counsel cooperated to make and divide assignments, avoid duplication of effort and unnecessary expense, and accomplish tasks in an efficient manner. This case has been aggressively prosecuted by Plaintiffs' Counsel and vigorously defended by counsel for Defendant, Barnes & Thornburg, LLP.

6. Class Counsel conducted extensive discovery of the claims in this action, and a pre-Complaint factual investigation. The parties exchanged documents, including company policies, and compensation and time-keeping related records. Class Counsel reviewed documents produced by Defendant, as well as relevant human resource data relating to Defendant's compensation policies and time-keeping-related practices applicable to the claims alleged in the Second Amended Complaint. Class Counsel also analyzed Defendant's time and pay records to estimate the amount of lost wages and other damages implicated by Plaintiffs' claims.

7. In addition to reviewing documents and data produced by Defendant, Class Counsel conducted dozens of in-person interviews of Settlement Class Members, and analyzed the information collected in these interviews. Many of these interviews required the assistance of a translator as many of the Settlement Class Members speak only Spanish. Furthermore, the Class in general is a mobile population, making initial and follow-up contact difficult to arrange.

8. Class Counsel also investigated the applicable law as applied to the facts discovered regarding the claims asserted in the Complaint and the potential defenses thereto. We briefed the legal issues in a mediation brief submitted to Michael Loeb, Esq., an experienced JAMS mediator in San Francisco, California. The parties participated in a two day mediation that took place in Chicago, Illinois on September 16 and 17, 2009. Over the course of the mediation, the parties developed a thorough understanding of each others' positions, primarily as communicated to the parties via the mediator. After the conclusion of the mediation, the parties continued their settlement negotiations (in part through Mr. Loeb) and, after another all-day negotiating session in Philadelphia, Pennsylvania on December 8, 2009, and subsequent negotiation sessions by telephone, finally reached a class-wide settlement of this action, which the parties now respectfully submit for the Court's approval.

9. The discovery efforts engaged in by the parties in this case permitted them to reliably assess the merits of their respective positions and to reach a fair and equitable agreement.

10. The parties have since spent considerable time drafting the Settlement Agreement (*see* Exhibit 1 to Memorandum of Law in Support of the Parties' Joint Motion for Preliminary Approval of Settlement Agreement), which ensures that Settlement Class members are: 1) provided with notice of the Settlement Agreement and its terms; and 2) will not lose their right to

sue under the FLSA even after receiving notice, unless they affirmatively opt in to this Settlement.

11. In my opinion and in the judgment of Class Counsel, this Settlement provides for a very reasonable recovery, as it confers a substantial benefit on the Settlement Class Members. Furthermore, it is a reasonable settlement given that Defendant contests its liability in this action and has stated that it is prepared to vigorously defend Plaintiffs' claims if the action cannot be settled. Although we believe that Plaintiffs' claims have a great deal of merit, parties in the litigation process always face significant risk of an adverse result, or a partially adverse result. Moreover, continued litigation would also require substantial additional preparation and discovery, including the deposition and presentation of numerous witnesses; the consideration, preparation and presentation of documentary evidence; and the preparation and analysis of extensive and expensive expert reports. If this case were to go to trial, I estimate based on my firm's experience in other donning and doffing cases that fees and costs would easily exceed $1 million per side. The proposed Settlement with Defendant for the consideration and on the terms set forth in the Settlement Agreement, is fair, reasonable, and adequate, and is in the best interests of the Settlement Class as it will yield a prompt, certain, and substantial recovery for the Class. Such a result will benefit both the parties and the court system.

12. Given the risk, uncertainty, and expense of continued litigation through a decision on Plaintiffs' Motion for Class Certification, as well as summary judgment, trial and appeals, Class Counsel believes that the proposed Settlement Agreement justifies sending notice to the proposed Settlement Class members. Class members will then have an opportunity to object to the settlement if they believe that it is not fair and reasonable or exclude themselves from the settlement altogether.

13. In this action, the named Plaintiffs and Class Representatives took very real steps to advance the interests of the Settlement Class in this litigation. They brought the claim to the attention of Class Counsel. They searched their files and produced all of the documents they had relating to their employment by Defendant. They explained the unfair employment practices that they encountered. They gave interviews concerning their experiences. Moreover, all of the Class Representatives took the extraordinary step of agreeing to serve as Class Representatives, with all of the attendant duties, and by agreeing to put the interests of the Class ahead of their own. As a result of their efforts, the Settlement Class Members will benefit from substantial financial recoveries. We believe that the efforts of the Class Representatives justify the proposed $2,500 service awards to each one.

14. On behalf of the Class Representatives and the proposed Settlement Class, as well as all Class Counsel, we respectfully believe that the Court should preliminarily approve the Settlement and allow notice to be sent to the proposed Class, because the arms-length negotiated Settlement is sufficiently fair, reasonable and adequate to justify notice to those affected and an opportunity to be heard. If there are Class members who object to the proposed Settlement, they will have the opportunity under the proposed Settlement to make their objections known to the Court. We respectfully request that the Court grant preliminary approval of the Settlement Agreement, direct distribution of the Notice of Class Action Settlement, and approve the proposed schedule for final approval of the Settlement.

Dated: February 19, 2010         /s/ Shanon J. Carson
                                 Shanon J. Carson